**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4985**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CEDRIC LLAWENLLYN SURRATT,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:12-cr-00055-MR-DLH-1)

Submitted:  September 25, 2014      Decided:  September 29, 2014

Before WILKINSON and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ross Hall Richardson, Acting Executive Director, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cedric Llawenllyn Surratt was found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2012). The district court sentenced Surratt to 100 months' imprisonment. On appeal, Surratt questions whether the district court procedurally erred when it ordered his federal sentence to run consecutively to an unrelated, undischarged state sentence. Finding no error, we affirm.

Surratt contends that his sentence is procedurally unreasonable because the district court made a mistake of fact and also did not give proper consideration to his mitigation arguments. We review the sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). A sentence is procedurally reasonable if the court properly calculates the defendant's advisory Sentencing Guidelines range, gives the parties an opportunity to argue for an appropriate sentence, considers the 18 U.S.C. § 3553(a) (2012) factors, does not rely on clearly erroneous facts, and sufficiently explains the selected sentence. Id. at 49-51. "[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a) (2012); see also U.S. Sentencing Guidelines Manual § 5G1.3(c) (2012).

2

We conclude that the district court acted well within its discretion in imposing the sentence to run consecutively to the state sentence. The court properly considered the 18 U.S.C. § 3553(a) factors in deciding whether to run the sentence concurrently or consecutively. See 18 U.S.C. § 3584(b) (2012) (court must consider § 3553(a) factors in deciding whether the federal term is to run concurrently or consecutively). The court did not make a factual error in stating that the defendant had a history of both drug and firearm offenses. Surratt's criminal conduct underlying his most recent state drug offense conviction occurred just over one year before the conduct giving rise to the federal offense.

As to Surratt's argument that the district did not sufficiently consider his mitigation arguments, the court also did not err. The explanation of sentence given "must be sufficient to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Allmendinger, 706 F.3d 330, 343 (4th Cir.) (internal alterations, quotation marks, and citations omitted), cert. denied, 133 S. Ct. 2747 (2013). We are satisfied that the district court considered Surratt's arguments for mitigation.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED